UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jeanne Henry, | : |
|     Plaintiff, | : Case No. |
| v. | : |
| EOS CCA, | : |
|     Defendant. | : |

## VERIFIED COMPLAINT

Jeanne Henry (Plaintiff), by her attorneys, Krohn & Moss, Ltd., alleges the following against EOS CCA (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in Massachusetts, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Framingham, Middlesex County, Massachusetts.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with a main business office in Denver, Colorado.

9. Defendant is a collection law firm that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff on behalf of Verizon Wireless in the amount of approximately $4,189.56.

11. In or around June of 2010, Defendant began placing collection calls to Plaintiff.

12. In or around the first week of November of 2010, Defendant sent a collection letter to Plaintiff.

13. On November 13, 2010, Plaintiff sent a cease and desist letter to Defendant via certified mail which was received by Defendant on November 23, 2010. *See* letter and certified mail receipt attached as Exhibit "A."

14. On November 27, 2010, Plaintiff's mother, Alice Menard ("Alice"), received an automated collection call message for Plaintiff stating that it was a debt collector collecting on Plaintiff's debt on her answering machine despite Plaintiff's cease and desist letter.

15. On November 27, 2010, Plaintiff received an automated collection call message on her answering machine despite Plaintiff's cease and desist letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(b) of the FDCPA by communicating Plaintiff's debt to a third party without the Plaintiff's express consent.

    b. Defendant violated §1692c(c) of the FDCPA by continuing to communicate with Plaintiff after Defendant received Plaintiff's cease and desist letter.

Wherefore, Plaintiff, Jeanne Henry, respectfully requests judgment be entered against Defendant, EOS CCA, for the following:

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

19. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Jeanne Henry, demands a jury trial in this cause of action.

Dated: January 12, 2011        RESPECTFULLY SUBMITTED,

By: _____

David R. Jackowitz, B.B.O. No. 567279
Shaevel & Krems, LLP
141 Tremont Street
Boston, MA 02111
Telephone: (617) 556-0244
Fax: (617) 556-0284
djackowitz@shaevelkrems.com

Attorneys for Plaintiff,
Jeanne Henry

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MASSACHUSETTS

Plaintiff, JEANNE HENRY, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JEANNE HENRY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_12/17/10_
Date

_/s/ Jeanne Henry_
JEANNE HENRY